

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Will Mann Richardson
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-4376
Re: Secretary of State cannot
be required to furnish a
list of those appointed
notaries public nor to per-
mit examination of his rec-
ords prior to completion
thereof.

Your request for an opinion reads:

"The Southern Guaranty Company, Ltd. has re-
quested through their attorney that we make avail-
able to them all of our records under Article 5949
of the Revised Civil Statutes as amended dealing
with the appointment of notaries public.

"The procedure of appointing notaries at this
time is for all interested persons to write to
this office requesting appointment. We then noti-
fy the county clerk of the appointment and ask him
to see that they are qualified and that they are
sworn in and send us the $1.00 fee. We then issue
a commission to the notary. Until the money has
been received and the commission is issued, we do
not feel that the person has become a notary and
we do not have our records arranged in such a way
that we could furnish a list of all persons ap-
pointed before they have been qualified.

"We do not feel that it would be to the best
interest of the public if we did give out such a
list as it would be confusing to a great many per-
sons who would assume that any person so named was
already a notary public.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The corporation states specifically that
the only reason they wish this information is in
order that it may write to those persons and try
to obtain the business of furnishing a notary bond.
We do not feel that that is sufiicient reason for
giving out this information or allowing the cor-
poration access to our records to compile such a
list.

"We would appreciate an opinion from your De-
partment as to whether our records should be open
to the bonding company before the notary qualifi-
cation has been completed."

Article 5949, Vernon's Annotated Civil Statutes,
reads:

"The Secretary of State of the State of Texas
shall appoint a convenient number of notaries pub-
lic for each county. Notaries public may be ap-
pointed at any time, but the terms of all notaries
public shall end on June 1st of each odd numbered
year. To be eligible for appointment as notary
public a person shall be at least twenty-one (21)
years of age and a resident of the county for which
he is appointed. (As amended Acts 1939, 46th Leg.,
p. 498, § 1.)"

Nothing is found in Title 99 of which the above
Article is a part which makes a list of notaries public ap-
pointees a public record. Paragraph 5 of Article 4331, Ver-
non's Annotated Civil Statutes, makes it the duty of the
Secretary of State to "keep in a separate suitable book a
complete register of all the officers appointed or elected
in this State, and commission them when not otherwise pro-
vided by law." A notary public has been held to be a public
officer. 20 R. C. L. 326. Hence we believe it to be the
duty of the Secretary of State to prepare and keep a list
of all notaries public. One is not a notary public nor a
public officer, however, until he has, pursuant to his ap-
pointment, taken his oath, executed bond and been granted
his commission and the Secretary of State would not be re-
quired to prepare his list until the completion of the pro-
cess of qualification.

After the completion of the notary's qualification the Secretary of State is required by Article 5950, Vernon's Annotated Civil Statutes, to prepare and "furnish each county clerk a printed list of all notaries public so appointed and qualified; that said clerk shall preserve said list for public inspection and post a copy thereof on the courthouse door".

There is no statute giving any person the right to require you to furnish them a list of the appointees nor none giving members of the public the right of inspection. A careful consideration of the authorities, however, would lead us to the conclusion that the public would have a right at common law to require a list to be furnished or to make reasonable inspection of such records. Such line of cases could not here govern, however, because you state that you have not yet received your fee in many cases and have not issued commissions; that your records are not so arranged as to enable you to furnish a list of those who have been appointed but not yet qualified. Such state of facts being true, you could not be compelled to furnish something not yet available.

It is our opinion that you could not be required to furnish the information requested by applicant nor to permit their agents to examine and prepare lists from your incompleted files if, in the exercise of your discretion, you should conclude that such would interfere with the orderly execution of your duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

APPROVED APR 1, 1942

ASSISTANT ATTORNEY GENERAL

LA:mp

